OPINION
{¶ 1} The instant appeal was filed by appellant, Calvin Eyre, Jr., from the June 14, 2005 judgment entry of the Portage County Court of Common Pleas, Domestic Relations Division, finding him in contempt for failing to pay the entire amount of spousal support as ordered pursuant to the trial court's November 19, 2003 judgment entry.
 {¶ 2} On October 21, 2002, appellee filed a complaint for divorce against appellant, which included requests for temporary and permanent spousal support, exclusive possession of the marital home, an equitable division of marital property and debts, a restraining order enjoining appellant from dissipating the assets, and for attorney fees and costs. Also, on October 21, 2002, appellee filed a motion for a restraining order against appellant. On November 25, 2002, appellant filed an answer and counterclaim.[1] In his counterclaim, appellant requested that he be granted a divorce from appellee, that the trial court adopt the separation agreement, and that appellee be ordered to pay his attorney fees and costs. Appellee filed a reply to appellant's counterclaim on December 4, 2002.
 {¶ 3} A hearing was held before a magistrate on December 17, 2002. Pursuant to his December 18, 2002 temporary order, the magistrate ordered appellant to pay temporary spousal support in the amount of $600 per month to appellee.
 {¶ 4} On January 27, 2003, appellee filed a motion to modify spousal support. A hearing was held before the magistrate on February 6, 2003. On February 12, 2003, the magistrate issued a temporary order increasing temporary spousal support to $850 per month. On February 19, 2003, appellant filed a motion to set aside the magistrate's February 12, 2003 order. Pursuant to its February 26, 2003 judgment entry, the trial court denied appellant's motion and indicated that the issue of spousal support would be heard at the trial.
 {¶ 5} A bench trial commenced on August 12, 2003.
 {¶ 6} Appellant and appellee were married on February 15, 1984, and no children were born as issue of the marriage. During the trial, appellee was sixty-six years old and appellant was fifty years old. According to appellee, she was not gainfully employed and her only income at that time was from social security in the amount of $123 per month. Appellant testified that he had yearly earnings of approximately $40,000. Appellee has only been educated through the eighth grade. She has significant physical and mental health problems and is under a doctor's care. Appellee contends that the marriage began to disintegrate when appellant began an affair with a younger woman, which appellant did not deny.
 {¶ 7} On October 7, 2002, appellant and appellee entered into a separation agreement which was prepared by an attorney selected by both parties and paid by appellant. The separation agreement failed to divide all of the assets of the marriage and made no provision for spousal support. Appellee testified that prior to signing the separation agreement, the attorney told her that she was not eligible for spousal support. She indicated that the separation agreement was not fully prepared because the attorney was to make changes after she and appellant signed it. Also, appellee stated that the witnesses who signed the document were not actually present when she and appellant signed the separation agreement.
 {¶ 8} Pursuant to its November 19, 2003 judgment entry, the trial court granted the parties a divorce due to incompatibility. Specifically, the trial court ordered appellant to pay appellee $1,200 per month as spousal support for eighty-four consecutive months or until appellee remarried or died; awarded the marital residence to appellant and required him to pay appellee one-half of the equity in the amount of $26,315; awarded appellee the mobile home (no value specified) and the 1980 van with a value of $50; awarded appellant the 1989 wagon with a value of $50 and the golf cart with a value of $700; ordered the John Deere tractor with a fair market value of $12,000 be sold and the proceeds divided equally, or appellant, at his option, may purchase appellee's interest for $6,000; and awarded appellee one-half of appellant's PERS pension and 401(k) account, in the total amount of $2,850.
 {¶ 9} It is from that judgment that appellant filed a timely notice of appeal with this court in which he asserted that the trial court erred by setting aside the separation agreement executed by the parties and by not adopting a separation agreement as part of its judgment entry. On December 10, 2004, in Eyre v. Eyre, 11th Dist. No. 2003-P-0133, 2004-Ohio-6685, we affirmed the judgment of the trial court.
 {¶ 10} On December 22, 2004, appellee filed a motion for contempt in which she asserted that appellant failed to abide by the trial court's November 19, 2003 judgment entry. Appellant filed an answer on December 30, 2004.
 {¶ 11} On January 7, 2005, appellant filed a motion to modify spousal support. On March 2, 2005, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B). Appellee filed a response to appellant's Civ.R. 60(B) motion on March 7, 2005.
 {¶ 12} A hearing was held before the magistrate on March 14, 2005. In her March 22, 2005 decision, the magistrate determined that appellant was in contempt for failing to pay the entire amount of spousal support to appellee, and denied his motion for relief from judgment. The magistrate ordered appellant to comply, within sixty days, with the trial court's previous order regarding the distribution of assets and debts set forth in the November 19, 2003 entry.[2] On April 5, 2005, appellant filed objections to the magistrate's decision. A hearing was held before the trial judge on appellant's objections on June 10, 2005. Also, on June 10, 2005, the magistrate held the second part of a hearing on appellant's motion to modify spousal support.
 {¶ 13} In its June 14, 2005 judgment entry, the trial court modified the magistrate's decision. The trial court found appellant in contempt for failing to pay the entire amount of spousal support and ordered him to pay the full monthly amount of spousal support pursuant to the November 19, 2003 judgment entry. Also, the trial court ordered appellant to pay appellee, within sixty days, the following: $6,000 for her share of the John Deere tractor; $26,315 for her share of equity in the marital home; $900 for appellee's share of appellant's PERS pension; and $1,950 for her share of appellant's 401(k). The trial court did not rule on appellant's Civ.R. 60(B) motion in its June 14, 2005 judgment entry.
 {¶ 14} On June 15, 2005, the magistrate granted appellant's motion to modify spousal support, reducing it from $1,200 per month to $100 per month, retroactive to January 7, 2005. The magistrate determined that the obligation should continue until November 19, 2010, or until appellee remarried or died. Appellee filed objections to the magistrate's decision on June 29, 2005. A hearing was held before the trial judge on appellee's objections on October 24, 2005. On December 13, 2005, the trial court found appellee's objections well-taken, and modified appellant's spousal support obligation to $800 per month, retroactive to January 7, 2005.[3]
 {¶ 15} It is from the June 14, 2005 judgment that appellant filed the instant appeal, on July 14, 2005, and makes the following assignments of error:[4]
 {¶ 16} "[1.] The trial court erred to the prejudice of [appellant] by overruling his motion for relief from judgment.
 {¶ 17} "[2.] The trial court erred by finding [appellant] in contempt for failure to pay all his spousal support."
 {¶ 18} In his first assignment of error, appellant argues that the trial court erred by overruling his motion for relief from judgment. He asserts that the trial court should have granted his motion under Civ.R. 60(B)(5). Appellant stresses that the trial court made errors which were unsupported by the evidence; he was prejudiced by a change of counsel on appeal; and the original signed separation agreement was vacated by the trial court.
 {¶ 19} The decision to grant or deny a motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 20} Civ.R. 60(B) provides:
 {¶ 21} "* * * the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 22} In GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held: "[t]o prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 23} A Civ.R. 60(B) motion for relief from judgment is not a substitute for a direct appeal. McIntyre v. Braydich (Dec. 5, 1997), 11th Dist. No. 96-T-5602, 1997 Ohio App. LEXIS 5449, at 6, quotingColley v. Bazell (1980), 64 Ohio St.2d 243, 245. Also, Civ.R. 60(B) motions cannot "be used to circumvent or extend the time requirements for filing an appeal." Baker v. Baker (June 15, 2001), 11th Dist. No. 2000-L-054, 2001 Ohio App. LEXIS 2711, at 4, citing Doe v. Trumbull Cty.Children Services Bd. (1986), 28 Ohio St.3d 128, paragraph two of the syllabus; Blasco v. Mislik (1982), 69 Ohio St.2d 684, 686.
 {¶ 24} Theories of res judicata are used to prevent relitigation of issues already decided by a court or matters that should have been brought as part of a previous action. "[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. Bd. of ZoningAppeals (1995), 73 Ohio St.3d 379, 382. Res judicata "applies to extinguish a claim by the plaintiff against the defendant even thoughplaintiff is prepared in the second action (1) [t]o present evidence orgrounds or theories of the case not presented in the first action,or (2) [t]o seek remedies or forms of relief not demanded in the firstaction." (Emphasis sic.) Id. at 383. The purpose of the doctrine of res judicata is to prevent repeated attacks on a final judgment.Stromberg v. Bd. of Edn. (1980), 64 Ohio St.2d 98, 100.
 {¶ 25} In the case sub judice, again, the trial court granted the parties a divorce due to incompatibility on November 19, 2003. Appellant later filed a timely notice of appeal with this court in which he alleged that the trial court erred by not setting aside the separation agreement executed by the parties and by not adopting a separation agreement as part of its judgment entry. We affirmed the judgment of the trial court on December 10, 2004. Eyre v. Eyre, 11th Dist. No. 2003-P-0133, 2004-Ohio-6685. On March 2, 2005, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B). Relying specifically on Civ.R. 60(B)(5), appellant asserted that his trial attorney was not his counsel in his first appeal and his present representative was neither his trial nor appellate counsel. He also presented arguments regarding the value of the John Deere tractor, his alleged living arrangements with another woman, the marital residence, and the division of property.
 {¶ 26} We note that Civ.R. 60(B)(5), the "catch-all" provision, is to be invoked in "`an extraordinary and unusual case where the interests of justice (warrant) it.'" McIntyre, supra, at 9, quoting Adomeit v.Baltimore (1974), 39 Ohio App.2d 97, 105. In the present case, such extraordinary circumstances do not exist. Appellant failed to allege new grounds entitling him to relief. Rather, appellant merely reiterated arguments which could have been raised in his first appeal. SeeElyria Twp. Bd. of Trustees v. Kerstetter (1993), 91 Ohio App.3d 599,602. Also, the mere fact that appellant secured new counsel does not entitle him to Civ.R. 60(B) relief. In addition, because appellant's issues either could have been and/or were already decided in a previous action before this court, they are subject to res judicata.
 {¶ 27} The trial court did not abuse its discretion in denying appellant's motion for relief from judgment. Appellant failed to set forth a meritorious claim and did not demonstrate a right to relief under Civ.R. 60(B).
 {¶ 28} Appellant's first assignment of error is without merit.
 {¶ 29} In his second assignment of error, appellant contends that the trial court erred by finding him in contempt for failure to pay all of the spousal support. Appellant asserts that he has made every effort to comply with the court order, even to the point that he is unable to pay his own living expenses.
 {¶ 30} This court in Bayer v. Bayer, 11th Dist. No. 2002-L-072, 2003-Ohio-4101, at ¶ 12-13, stated:
 {¶ 31} "[i]n a contempt action, an appellate court must uphold the trial court's decision absent a showing that the trial court abused its discretion. Winebrenner v. Winebrenner (Dec. 6, 1996), 11th Dist. No. 96-L-033, 1996 Ohio App. LEXIS 5511, at 7, citing State ex rel.Celebrezze v. Gibbs (1991), 60 Ohio St.3d 69, 75 * * *. `This necessitates a determination that the court's judgment was unreasonable, arbitrary or unconscionable.' Winebrenner, supra, * * * at 7, citingBlakemore[, supra, at 219]. The party asserting a show cause motion has the burden to prove by clear and convincing evidence that a breach has occurred. Winebrenner, supra, * * * at 8. `Clear and convincing evidence is more than a mere preponderance of the evidence; it is evidence sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established.' In re Bailey (July 20, 2001), 11th Dist. No. 2001-G-2337, 2001 Ohio App. LEXIS 3294, at 9, citing In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368 * * *.
 {¶ 32} "When the moving party establishes the existence of a divorce decree and produces evidence of a breach (i.e. nonpayment) according to the terms of the decree, a prima facie showing of civil contempt exists.Winebrenner, supra, * * * at 8. The burden then shifts to the respondent to establish any defense he may have for nonpayment. Id., citingMorford v. Morford (1993), 85 Ohio App.3d 50, 55 * * *. The trial court has a great deal of discretion in civil contempt proceedings.Winebrenner, supra, * * * at 8." (Parallel citations omitted.)
 {¶ 33} In the instant matter, the record shows that appellant's annual income for 2003, 2004, and 2005 has remained fairly steady, between $43,000 to $46,000. Again, appellant was originally ordered, pursuant to the trial court's November 19, 2003 judgment entry, to pay $1,200 per month in spousal support to appellee. Ultimately, appellant's spousal support obligation was modified by the trial court to $800 per month.
 {¶ 34} Based on Winebrenner, supra, appellee had the burden to prove her case by clear and convincing evidence. She carried her burden of proof by demonstrating that a valid court order exists and appellant has failed to fully comply. Therefore, the burden then shifted to appellant to present an affirmative defense.
 {¶ 35} According to appellant's own testimony at the March 14, 2005 hearing, he had not paid all of the spousal support that he owed to appellee and he did not prove an inability to pay. We note that an inability to pay support is a valid defense in a contempt proceeding.Courtney v. Courtney (1984), 16 Ohio App.3d 329, 334. The party who failed to comply with the court order to pay support bears the burden of proving an inability to pay. Pugh v. Pugh (1984), 15 Ohio St.3d 136,140. 11
 {¶ 36} Here, appellant asserts in his brief that he is unable to pay the required spousal support. However, the record establishes that appellant requested a modification based on the fact that appellee's social security benefits increased. Appellant did not follow the dictates of the trial court's order and failed to prove an inability to pay. Thus, we must uphold the trial court's decision since there is no showing that the trial court abused its discretion.
 {¶ 37} Appellant's second assignment of error is without merit.
 {¶ 38} For the foregoing reasons, appellant's assignments of error are not well taken. The judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is affirmed.
CYNTHIA WESTCOTT RICE, J.,
COLLEEN MARY O'TOOLE, J.,
concur.
[1] 1. A separation agreement, dated October 7, 2002 and signed by both appellant and appellee, was attached to appellant's answer and counterclaim as an exhibit.
[2] On April 1, 2005, appellee filed "Objections/Motion For Reconsideration And/Or Correction Of The Record[,]" indicating that appellant owed her $26,315, not $8,400, for her share of the equity in the marital home. The magistrate filed a corrected decision on April 7, 2005, referencing the proper $26,315 figure.
[3] On March 23, 2006, appellant filed a notice of appeal from the December 13, 2005 judgment entry, one hundred days after the judgment was issued by the trial court. Accordingly, on May 5, 2006, this court dismissed appellant's appeal sua sponte pursuant to App.R. 4(A).Eyre v. Eyre, 11th Dist. No. 2006-P-0023, 2006-Ohio-2240.
[4] On October 6, 2006, we remanded this matter to the trial court for the sole purpose of the trial court to rule on appellant's March 2, 2005 Civ.R. 60(B) motion for relief from judgment. Pursuant to this court's remand, the trial court denied appellant's Civ.R. 60(B) motion on October 10, 2006.